Filed 6/9/21  In re E.S. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re E.S., a Person Coming Under the Juvenile Court Law. | C092815 |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>E.S.,<br><br>    Defendant and Appellant. | (Super. Ct. No. JV138342) |

The minor appeals the dispositional order committing him to the California Department of Corrections and Rehabilitation Division of Juvenile Justice (DJJ), including the juvenile court's determination that his maximum confinement time was 10 years.  He seeks retroactive application of changes made to Welfare and Institutions Code section 731[1] that would reduce his maximum confinement time from 10 to eight years.  The People agree that the minor is entitled to such retroactive relief.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

Senate Bill No. 823 (2019-2020 Reg. Sess.) amended section 731, effective September 30, 2020, so that the maximum confinement time for a juvenile who is committed to DJJ would be the "middle term of imprisonment that could be imposed upon an adult convicted of the same offense." (Stats. 2020, ch. 337, § 28.) Here, it was adjudicated that the minor committed two violations of Penal Code section 288, subdivision (a), which were punishable by terms of three, six, or eight years. (Pen. Code, § 288, subd. (a).) Utilizing the previous version of section 731 in effect at the time of the dispositional hearing, the juvenile court calculated the minor's maximum confinement time at 10 years, consisting of eight years for one of the violations and a consecutive two years for the other. It was a correct calculation of maximum confinement time at that time, because the former law allowed for the imposition of the maximum confinement time that could be imposed upon an adult who had committed the same crime. (Former § 731, subd. (c) [stats. 2018, ch. 766, § 1].)

Nevertheless, we agree with the parties that the minor is entitled to retroactive application of the changes to section 731, which are ameliorative in nature and operate to reduce his maximum confinement time. (See *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307-309 [class of juveniles entitled under *Estrada* to retroactive benefit of ameliorative changes brought about by Proposition 57]; *In re Estrada* (1965) 63 Cal.2d 740, 745 ["When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply"].) Accordingly, we will modify the judgment to reflect a

2

maximum confinement time of eight years, consisting of six years for one of the violations and a consecutive two years for the other.[2]

## DISPOSITION

The judgment is modified to reflect a maximum confinement time of eight years, and the judgment is affirmed as modified. The juvenile court is directed to prepare an amended DJJ commitment order consistent with the modified judgment, to forward the amended order to the appropriate authorities, and to amend other court records as necessary to reflect the modified judgment.

_____/S/_____
MAURO, Acting P. J.

We concur:

_____/S/_____
HOCH, J.

_____/S/_____
KRAUSE, J.

---

[2] Senate Bill No. 92 (2021-2022 Reg. Sess.) further amended section 731 and became effective upon its signing by the Governor on May 14, 2021. (Stats. 2021, ch. 18, § 8.) However, the legislation does not alter the definition of maximum confinement time under section 731, subdivision (b) as relevant to this appeal, and the new section 731 will not become operative until July 1, 2021. (Stats. 2021, ch. 18, § 8 [§ 731, subds. (b), (c)].)